STERLING SAVINGS ASSOCIATION &
Sterling Financial Corporation,
Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 95–829 C.

United States Court of Federal Claims.

Jan. 31, 2005.

William D. Symmes, Witherspoon, Kelley, Davenport & Toole, P.S., Spokane, Washington, for plaintiff.

David M. Cohen, Director, Commercial Litigation Branch, Civil Division, Department of Justice, with whom was Stuart E. Schiffer, Deputy Assistant Attorney General, Washington, D.C., for defendant.

*MEMORANDUM OPINION AND ORDER*

WOLSKI, Judge.

For the reasons fully explained in the Opinion and Order in *First Federal Savings Bank of Hegewisch*, No. 93–162 C, also filed today, defendant's motion for the disqualification of the undersigned from hearing this case, pursuant to 28 U.S.C. § 455(a) and § 455(b)(2), is **DENIED**.

Just as was the case in *Hegewisch*, neither Mr. Charles J. Cooper nor any other lawyer with Cooper, Carvin & Rosenthal, PLLC, or with Cooper & Kirk, PLLC, served as plaintiffs' lawyer in this matter. *See* App. to Sterling Savings' Opp'n to Mot. for Recusal at 1–2 ¶¶ 4–9, 12 (Weatherhead Aff.); *id.* at 4A ¶¶ 3–5 (Byrne Decl.). Nor had any of the payments made by plaintiffs to the joint fund for shared expenses of the Plaintiffs' Coordinating Committee been used for any attorneys' fees. *See id.* at 3–4 ¶¶ 18–20. Nor has Cooper & Kirk or Cooper, Carvin & Rosenthal, on behalf of the PCC or any of its clients, filed any briefs in this matter.

As is discussed in the *Hegewisch* opinion, the Omnibus Case Management Order ("CMO"), issued by then-Chief Judge Smith, that created the PCC specified that the PCC would act as "spokespersons" for *Winstar*-related plaintiffs on procedural matters. *See* App. to Sterling Savings' Opp'n to Mot. for Recusal at 67 (CMO, *Plaintiffs in All Winstar–Related Cases at the Court v. United States*, Nos. 90–8 C, *et al.* (Fed.Cl. Sept. 18, 1996) ¶ 3.a.i.). Although the PCC could "bind all plaintiffs with respect to procedural matters," the CMO preserved the right of each plaintiff to take positions differing from the PCC:

In situations where the Committee is unable to speak on behalf of all plaintiffs, the Committee may speak to the Court on behalf of plaintiffs who agree with the Committee's position. In these situations,

the Court will provide an opportunity for other plaintiffs to present their differing views to the Court.

*Id.* Even though agreement with the positions taken by the PCC on scheduling matters and the like does not convert the PCC and its attorneys into lawyers for each plaintiff who so agrees, for the reasons explained in today's *Hegewisch* opinion, this provision in the CMO demonstrates that the Court in creating the PCC never intended its members to be considered lawyers for the plaintiffs in every *Winstar*-related case.

The plaintiffs in this particular case actually *did* take a position contrary to the PCC, concerning the scheduling of their trial date. *See* App. to Sterling Savings' Opp'n to Mot. for Recusal at 3 ¶ 17 (Weatherhead Aff.); *id.* at 209–14 (Stat.Conf.Tr., July 2, 1997) (Messrs. Weatherhead and Cooper presenting conflicting positions to the Court). This fact underscores the obvious point that the PCC, by its very nature, could not be considered the lawyers for the plaintiffs in every *Winstar*-related case.

Neither I nor anyone with whom I was associated in private practice served as a lawyer concerning the matter in controversy in this case, and it is not reasonable to question my impartiality in this matter. Accordingly, the motion for disqualification is **DENIED**.

**IT IS SO ORDERED.**